# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHASAN, M.D., an individual; PAUL CHASAN, M.D., INC., a California corporation; PAUL CHASAN, M.D., INC. WELFARE BENEFIT PLAN, an employee benefits plan under ERISA,<br><br>                                  Plaintiffs,<br>    vs.<br>THE GARRETT GROUP, a California corporation; MATTHEW GARRETT, an individual; JOHN HANCOCK LIFE INSURANCE COMPANY, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>                                  Defendants. | CASE NO. 06CV1090 WQH (NLS)<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS |

HAYES, Judge:

Pending before the Court is Defendants' motion to dismiss (Doc. # 12) Plaintiffs' First Amended Complaint (Doc. # 5). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## PROCEDURAL HISTORY

On May 18, 2006, Plaintiffs Paul Chasan, M.D. (Dr. Chasan) and Paul Chasan, M.D., Inc. (Chasan Inc.) filed the Complaint in this matter, and asserted ten claims for relief. (Doc. # 1). Plaintiffs' first two claims for relief contend that Defendants' conduct violated the Employee

1  Retirement Income Security Act's (ERISA) self dealing and fiduciary responsibility requirements.
2  *FAC*, ¶¶ 30-54, 55-75. Plaintiffs' remaining claims for relief assert supplemental state law claims for
3  common law and statutory negligent misrepresentation, fraud, breach of covenant of good faith and
4  fair dealing, unfair practices or deceptive acts, and violation of the Unfair Competition Act.

5  On September 20, 2006, Defendant John Hancock Life Insurance Company (Hancock)
6  answered and asserted affirmative defenses. (Doc. # 10). On September 22, 2006, Defendants
7  Matthew Garrett (Garrett) and The Garrett Group (Garrett Group) moved to dismiss the Complaint.
8  (Doc. # 12). Defendant Hancock did not join Garrett and Garrett Group's motion to dismiss.

9  **ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

10  Plaintiff Paul Chasan, M.D., is doctor residing in San Diego, California. *First Amended*
11  *Complaint*, ¶¶ 10-11. Dr. Chasan conducts his medical practice and provides medical services through
12  Plaintiff Chasan Inc., a California corporation. *FAC*, ¶ 11. Plaintiff Paul Chasan, M.D., Inc. Welfare
13  Benefit Plan (the Plan) is an ERISA benefit plan which Dr. Chasan created with the advice and
14  assistance of Defendants Garrett and Garrett Group. *FAC*, ¶¶ 17-21. Garret is an employee of Garrett
15  Group, and at all relevant times, Garrett acted within the scope of his employment. *FAC*, ¶ 16.

16  Plaintiffs allege that in the spring of 2004, Dr. Chasan twice met with Garrett about creating
17  the Plan. *FAC*, ¶ 17. During those meetings, Garrett informed Dr. Chasan of the tax-advantages
18  associated with the Plan. *FAC*, ¶ 18. Garrett further informed Dr. Chasan that the Plan had "been
19  tested by other clients who underwent an IRS audit." *FAC*, ¶ 18. Garrett told Dr. Chasan that there
20  were some risks associated with the Plan, but ultimately Garrett represented to Dr. Chasan that there
21  was a very low likelihood of any problems with the plan. *FAC*, ¶ 21. Garrett supported the Plan's
22  legality and efficacy by telling Dr. Chasan that the Plan had been analyzed by many legal experts, had
23  legal precedent supporting it, and had been upheld as qualified under IRS audit. *FAC*, ¶ 21. Garrett
24  indicated that the Plan could not only be tax deferred, but indicated that it could also be tax free. *FAC*,
25  ¶ 19. Garrett told Dr. Chasan that Dr. Chasan could borrow money against the Plan and not pay it
26  back, so long as Dr. Chasan left the Plan alone for a minimum of five years. *FAC*, ¶ 19.

27  In encouraging Dr. Chasan to create the Plan, Garrett did not disclose to Dr. Chasan that there
28  would be an interest expense associated with policy loans. *FAC*, ¶ 19. Garrett did not mention that

1  Garrett would charge fees which were associated with the Plan. *FAC*, ¶ 20. Garrett did not disclose
2  pertinent case law which indicated substantial risks associated with the Plan. *FAC*, ¶ 42. Plaintiffs
3  allege that Garrett's omissions were material, and that Dr. Chasan would not have created the Plan if
4  omitted information had been disclosed. *FAC*, ¶¶ 41, 47. Plaintiffs allege that Garrett purposefully
5  or negligently concealed material information regarding the Plan to induce Dr. Chasan to create the
6  Plan. *FAC*, ¶¶ 41-42, 73, 77. Plaintiffs allege that Garrett omitted material information for his own
7  benefit and self interest. *FAC*, ¶ 42. Plaintiffs allege that Garrett Group ratified and approved all of
8  Garrett's acts. *FAC*, ¶ 16.

9  After speaking with Garrett in the spring of 2004, Dr. Chasan created, and became a participant
10 in, the Plan. *FAC*, ¶¶ 17-24, 39. As part of the transaction which created the Plan, the Plan purchased
11 an insurance policy (the Policy) from Defendant Hancock to insure Dr. Chasan and to fund the Plan.
12 *FAC*, ¶¶ 28, 39. Garrett and Garrett Group are insurance agents for Hancock, and they sold the Policy
13 to the Plan on behalf of Hancock. *FAC*, ¶ 29.

14 Plaintiffs allege that Defendants Garrett, Garrett Group, and Hancock failed to disclose
15 pertinent and material information to Plaintiffs prior to selling the insurance policy to Dr. Chasan and
16 the Plan. *FAC*, ¶ 40. Defendants failed to disclose Policy renewal sales commissions paid by
17 Hancock to each agent or broker who received commissions when Hancock sold the Policy. *FAC*, ¶
18 40(a). Defendants failed to disclose a description of the charges, fees, discounts, penalties, or
19 adjustments related to the Policy. *FAC*, ¶ 40(b). Defendants failed to disclose accurate information
20 regarding payments related to the Policy, earnings that Policy funds would yield, and the risk of loss
21 and expenses that affected the yield. *FAC*, ¶ 40(c). Defendants failed to require Plaintiffs to
22 acknowledge receipt of information regarding the Policy in writing. *FAC*, ¶ 40. Defendants failed
23 to disclose that it would be necessary to purchase life insurance policies for all eligible participants
24 of the Plan to prevent discrimination in operation. *FAC*, ¶ 73(e). Defendants failed to disclose that
25 Plaintiffs would incur additional annual reporting costs as a result of purchasing the Policy. *FAC*, ¶
26 73(g). Defendants also failed to disclose that the Plan's purchase of the Policy was a "non-exempt
27 prohibited transaction" as defined in 29 U.S.C. § 1106. *FAC*, ¶ 73(h).

28 Plaintiffs allege that Defendants' representations regarding the Policy, including information

1  about Policy premiums, premium due dates, the Policy's cash value, and the advantages and
2  disadvantages of the Policy, were incomplete and omitted material information.  *FAC*, ¶¶ 43, 73(d).
3  Plaintiffs allege that Defendants exaggerated and misrepresented information about the Policy and the
4  Plan.  *FAC*, ¶¶ 43, 77.  Plaintiffs allege that they would not have created the Plan or purchased the
5  Policy had they been aware of the omitted material information and Defendants' misrepresentations.
6  *FAC*, ¶¶ 43, 47, 78.

7  Sometime after creating the Plan, Plaintiffs realized that the Plan was a "carefully crafted,
8  deceptive, improper tax avoidance scheme."  *FAC*, ¶ 73(a).  Plaintiffs allege that Defendants were on
9  notice of tax court litigation and the Internal Revenue Service's (IRS) position on tax avoidance
10 schemes of the type Defendants induced Plaintiffs to create (i.e.–the Plan and Policy).  *FAC*, ¶ 73(b).
11 Defendants knew or should have known of substantial adverse tax consequences related to the Plan
12 and the Policy, yet not only failed to disclose the information, but in fact reassured Plaintiffs of the
13 Plan and Policy's efficacy and legality.  *FAC*, ¶ 82.  Plaintiffs allege that Defendants intentionally
14 failed to disclose information regarding the Plan and the Policy to induce Plaintiffs' participation in
15 the tax avoidance scheme.  *FAC*, ¶ 73(b).  Plaintiffs allege that Garret and Garret Group's
16 misrepresentations related to the Policy and the Plan were "false, wrongful, in bad faith, and unfair."
17 *FAC*, ¶ 135.  According to the First Amended Complaint, Defendants' misrepresentations and
18 concealments were also willful, malicious, and fraudulent.  *FAC*, ¶ 102.

19 Plaintiffs allege that Defendants' conduct caused Plaintiffs substantial financial losses in
20 excess of $96,000.  *FAC*, ¶ 136.  Plaintiffs allege that Defendants' conduct will cause future damages.
21 *FAC*, ¶ 137.  Plaintiffs allege that Dr. Chasan suffered anxiety, worry, mental and emotional distress,
22 and financial injury as a result of Defendants' conduct.  *FAC*, ¶ 138.

23                                         **STANDARD OF REVIEW**

24  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  *De La*
25 *Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint may not be dismissed for failure to state
26 a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of
27 facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46
28 (1957).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the

1  light most favorable to the plaintiff, and further, must accept as true all material allegations in the
2  complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d
3  1023, 1028 (9th Cir. 2003).  In considering a Rule 12(b)(6) dismissal, a court may not look beyond
4  the complaint.  *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

## DISCUSSION

6  Defendants Garrett and Garrett Group move to dismiss the Complaint on the grounds that (1)
7  Plaintiffs Chasan Inc. and the Plan lack standing to state claims under ERISA, and (2) Plaintiffs' state
8  law claims are preempted by ERISA.  Plaintiffs contend that they are entitled to standing by operation
9  of ERISA, and further, that their state claims are not preempted by ERISA.

10 *I.  Standing - Chasan Inc. & The Plan*

11 ERISA "regulates the provision of health and welfare benefits by employers," and "federal
12 jurisdiction over ERISA-related questions is defined and limited by 29 U.S.C. § 1132(a)."  *Cripps v.*
13 *Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992).  Section 1132(a) determines
14 which persons are empowered to bring civil actions pursuant to ERISA.  29 U.S.C. § 1132(a).  Section
15 1132(a)(2) provides that a participant, beneficiary, fiduciary, or the Secretary of Labor may bring suit
16 for claims of breach of fiduciary duty pursuant to 29 U.S.C. § 1109.  Section 1132(a)(3) provides that
17 a participant, beneficiary, or a fiduciary may bring suit to enjoin any other act or practice which
18 violates Title 29, or to obtain other appropriate equitable relief.  "The list of potential claimants in
19 section 1132 is exclusive."  *McBride v. PLM International*, 179 F.3d 737, 742 (9th. Cir. 1999), *citing*
20 *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 933 (9th Cir. 1994), *but see Fentron Indus.*
21 *v. Nat'l Shopmen Pension Fund*, 674 F.2d 1300, 1305 (9th Cir. 1982).

22 Garrett and Garrett Group contend that Plaintiffs Chasan Inc. and the Plan lack standing to
23 bring suit because neither Chasan Inc. nor the Plan is a participant, beneficiary, or a fiduciary as
24 required by 29 U.S.C. § 1132(a). Plaintiff Chasan Inc. contends that it has standing to pursue ERISA
25 claims because it is an employer who has alleged specific and personal injuries under *Fentron*
26 *Industries* and *Award Service, Inc. v. Northern California Retail Clerks*, 763 F.2d 1066, 1068 (9th Cir.
27 1985).  Chasan Inc. further argues that it has standing by operation of ERISA.  Plaintiff Plan asserts
28 ERISA standing under 29 U.S.C. § 1132(a)(3), but provides no further detail.

**A. Chasan Inc.**

Chasan Inc. asserts standing to bring suit under ERISA based on its status as an employer. As alleged in the First Amended Complaint, Chasan Inc. is a small personal services provider corporation which employs Dr. Chasan. *FAC*, ¶ 11. Dr. Chasan conducts his medical practice and provides medical services through Chasan Inc. *FAC*, ¶ 11.

29 U.S.C. § 1132(a) lists the parties which may bring suit under ERISA, and states clearly that participants, beneficiaries, fiduciaries, and in some cases the Secretary of Labor, may bring suit. Section 1132(a)'s list of persons entitled to bring suit under ERISA does not include employers like Chasan Inc. In *McBride*, the Court of Appeals for the Ninth Circuit stated that the list of parties entitled to bring suit under 29 U.S.C. § 1132(a) was exclusive. 179 F.3d at 742. The United States Supreme Court has stated that, "ERISA carefully enumerates the parties entitled to seek relief under § 502 [29 U.S.C. § 1132]," and "does not provide anyone other that participants, beneficiaries, or fiduciaries with an express cause of action . . . ." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27 (1983); *see also Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986). The Court concludes that Chasan Inc.'s argument that employers have standing to bring suit under ERISA is contrary to the statutory scheme and the majority of relevant case law.

Chasan Inc. contends that employers have standing to bring ERISA claims in the Ninth Circuit by virtue of *Fentron Indus. v. Nat'l Shopmen Pension Fund*, 674 F.2d 1300, 1305 (9th Cir. 1982). In *Fentron* the Ninth Circuit held that an employer could have standing to bring suit under ERISA if it alleged specific and personal injury. *Id*. at 1304. The theory of *Fentron* was that an employer who alleged specific and personal injury, though not specifically listed in section 1132(a), was nevertheless within the zone of interests ERISA intended to protect. *Id*. at 1305. The reasoning in *Fentron*, however, has been severely questioned by both this Circuit and other Circuits. *See Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992) ("The reasoning of *Fentron* has twice been repudiated by the United States Supreme Court."); *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1401 (9th Cir. 1995) ("*Fentron* has been largely undermined by subsequent Supreme Court authority."); *McBride v. PLM International*, 179 F.3d 737, 742 (9th Cir. 1999) (section 1132(a)'s list

of potential claimants is exclusive); *Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986); *Grand Union Co. v. Food Employers Labor Relations Asso.*, 800 F.2d 66, 71 (D.C. Cir. 1987). Though the Ninth Circuit has yet to specifically overrule *Fentron*, many districts courts have concluded that *Fentron* is no longer good law, and have refused to acknowledge employer standing under ERISA. *Tool v. National Employee Benefit Services*, 957 F. Supp. 1114, 1117-18 (N.D. Cal. 1996); *Beck v. Pace International Union*, No. C 02-1407 MHP, 2003 U.S. Dist. LEXIS 2283, at *12-16 (N.D. Cal. January 10, 2003); *Bel-Aire Heating & Air Conditioning v. Sheet Metal Workers' National Pension Fund*, No. C94-1508, 1995 U.S. Dist. LEXIS 17338, at *10-12 (W.D. Wash. June 7, 1995).

After reviewing the case law and ERISA's statutory scheme, the Court concludes that employers like Chasan Inc. do not have standing under ERISA pursuant to 29 U.S.C. § 1132(a). Even assuming that employers do have standing to bring suit under ERISA, the Court concludes that Chasan Inc. has not alleged specific and personal injury such that it would be entitled to standing under *Fentron*. Rather than alleging specific and personal injury, the Complaint asserts general, and in many cases potential, injuries which are not specific to Chasan Inc. *See Bel-Aire Heating*, 1995 U.S. Dist. LEXIS 17338, at *10-12; *Stead v. Behl*, No. C 91-0465 BAC, 1992 U.S. Dist. LEXIS 3025, at *4-5 (N.D. Cal. February 19, 1992). Such general and vague allegations do not support standing under ERISA and *Fentron*. 674 F.2d at 1304. Finally, the Court concludes that *Fentron* is distinguishable on the grounds that in *Fentron* the employer's suit was to recover funds mistakenly contributed to a benefit plan, whereas in this case the claims relate to fraud in the creation of a benefit plan. *See Trustees of the Operating Engineers v. International Union*, 224 F. Supp. 2d 1272, 1282-83 (D. Nev. 2002) (to the extent *Fentron* remains good law, it is limited to employers suing for mistaken contributions).

Chasan Inc. has not alleged that it is a fiduciary of the Plan, nor has it alleged that it has discretionary authority or control with respect to the Plan's management or administration. *See* 29 U.S.C. § 1102(21)(A). Likewise, Chasan Inc. has not cited authority supporting its contention that it is an ERISA fiduciary. For those reasons, and for those noted above, the Court concludes that Chasan Inc. does not have standing under ERISA to bring suit as an employer.

### B. The Plan

Plaintiff Plan is an ERISA plan created by Dr. Chasan, and it asserts standing to bring suit under ERISA pursuant to 29 U.S.C. § 1132(a). The Plan fails to provide authority, rationale, or reasoning to support its contention that it is entitled to standing. Furthermore, the Plan does not allege that it is a participant, beneficiary, or fiduciary under 29 U.S.C. § 1132(a).

The Court of Appeal for the Ninth Circuit has established that ERISA plans, like the Plan, do not have standing to bring suit under ERISA. *Steen v. John Hancock Life Ins. Co.*, 106 F.3d 904, 917 (9th Cir. 1997); *Local 159, et al. v. Nor-Cal Plumbing*, 185 F.3d 978, 983 (9th Cir. 1999); *Bowles v. Reade*, 198 F.3d 762, 760-61 (9th Cir. 1999). Accordingly, the Court concludes that the Plan does not have standing to bring suit under ERISA here.

### C. Supplemental Jurisdiction

Though Plaintiffs Chasan Inc. and the Plan lack standing to bring suit under ERISA, they join Plaintiff Dr. Chasan in asserting various state common law and statutory causes of action. Chasan Inc. and Plan's lack of standing, however, alters their status in regards to preemption of the state law claims. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir. 1994); *Curtis v. Nevada Bonding Corporation*, 53 F.3d 1023, 1026-27 (9th Cir. 1995). As the Ninth Circuit noted in *Curtis*, ERISA standing is a prerequisite to ERISA preemption. *Curtis*, 53 F.3d at 1027. While Dr. Chasan's state law claims may or may not be preempted by ERISA, Chasan Inc. and the Plan's state claims are not preempted.

Pursuant to 28 U.S.C. § 1367, a district court has supplemental jurisdiction over state law claims which are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, even where supplement jurisdiction exists, a district court may decline to exercise supplemental jurisdiction if the state claims are novel or complex, substantially predominate over federal claims, or for other compelling reasons. 28 U.S.C. § 1367(c); *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997). Aside from the factors listed explicitly in 28 U.S.C. § 1367(c), a court may consider the circumstances of a particular case, the nature of the state laws, and the relationship between the state and federal claims when considering whether to exercise supplemental jurisdiction. *Id*. Supplemental

jurisdiction is "a doctrine of discretion, not of plaintiff's right." *City of Chicago*, 522 U.S. at 172.

Chasan Inc. and the Plan assert four state causes of action in addition to their two ERISA claims. Given the Court's analysis below (finding three of Dr. Chasan's state law claims preempted), and given the nature of the case, the Court declines to exercise supplemental jurisdiction over Chasan Inc. and the Plan's state law claims. The Court concludes that Chasan Inc. and the Plan's state claims will predominate over the federal claims, and given the circumstances of the case and the fact that more than fifteen California statutes are alleged to have been violated, Chasan Inc. and the Plan's claims are more appropriately decided by a California court. Accordingly, Chasan Inc. and The Plan's state law causes of action–the third, fifth, seventh, and ninth claims for relief in the Complaint–are dismissed without prejudice.

## II. Preemption of Dr. Chasan's State Law Claims

Dr. Chasan asserts a state cause of action for negligent misrepresentation, statutory fraud, deceit and concealment, breach of covenant of good faith and fair dealing, and violation of the Unfair Trade Practices Act in the Complaint. Defendants Garrett and Garrett Group contend that Dr. Chasan's state law claims are completely preempted, and request that this Court dismiss each of them.

Congress enacted ERISA to protect "the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal Courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citations omitted); *see also* 29 U.S.C. § 1001(b). Consistent with its purpose of providing "a uniform regulatory regime over employee benefit plans," ERISA includes expansive preemption provisions. *Id.*, *see also* 29 U.S.C. § 1144. Those provisions ensure that ERISA plans and plan sponsors are subject to a "uniform body of benefits law," which minimizes "the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . . ." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995). The Supreme Court has noted that ERISA's preemptive provisions are "deliberately expansive," *Pilot Life*, 481 U.S. at 45-46, and "broad." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 98-100 (1983). ERISA's preemptive prowess ensures that employee benefit plan regulation is "exclusively a federal concern." *Aetna*, 542 U.S. at

208, *quoting Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981).

ERISA's preemptive provision, 29 U.S.C. § 1144(a), provides that, "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)]." 29 U.S.C. § 1144(a) (Emphasis added.). "The question whether a certain state action is pre-empted by federal law is one of congressional intent." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987). Generally speaking, a state law "relates" to a benefit plan if it "has a connection with or reference to such a plan." *Id*. at 47, *citing Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *see also Blue Cross of California v. Anesthesia Care Assoc.*, 187 F.3d 1045, 1052 (9th Cir. 1999). A state law claim has "reference to" an employee benefits plan if the state law claim is premised on the existence of an ERISA plan, or if existence of the ERISA plan is essential to the state law claim's survival. *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 324-25 (1997).

Neither the Supreme Court, nor the Ninth Circuit has articulated a single precise rule for determining when a state law claim has a "connection with" an employee benefits plan. *Rutledge v. Seyfarth*, 201 F.3d 1212, 1217 (9th Cir. 2000). However, the most commonly and recently used test in this Circuit is the "relationship test." *Id*. at 1220; *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004). Under the relationship test, a state law claim has a connection with an ERISA plan if the state claim encroaches upon relationships regulated by ERISA, such as the relationship between plan and plan member, plan and employer, and plan and trustee. *McDowell*, 385 F.3d at 1172; *Abraham v. Norcal Solid Waste Systems*, 265 F.3d 811, 820-21 (9th Cir. 2001).

**A. State law claims for Negligent Misrepresentation and Statutory Fraud, Deceit and Concealment**

Dr. Chasan's state law claims for common law negligent misrepresentation and statutory fraud, deceit and concealment arise from Defendants' allegedly improper conduct prior to the creation of the Plan. Specifically, Dr. Chasan alleges that Defendants' misled Dr. Chasan regarding the efficacy and legality of the Plan, and further materially misrepresented information regarding the Plan. Dr. Chasan alleges that he would not have created the Plan if he had been aware of the material misrepresentations.

Dr. Chasan correctly notes that some Courts have held that state law claims for pre-plan fraud in the inducement and misrepresentation are not preempted under certain circumstances. *See Perry v. P.I.E. Nationwide*, 872 F.2d 157 (6th Cir. 1989); *Perkins v. Time Insurance*, 898 F.2d 470 (5th Cir. 1990). The Ninth Circuit, however, has yet to squarely address whether ERISA preempts such claims, and the circumstances under which such preemption might occur. *Camp v. Pacific Financial Group*, 956 F. Supp. 1541, 1547-48 (C.D. Cal. 1997). In *Farr v. U.S. West Comm.*, No. 96-36051, 1998 U. S. App. LEXIS 38509, at *11-13, (9th Cir. June 15, 1998), the Ninth Circuit addressed whether a state law claim alleging that an employer's misleading concealment of tax consequences induced ERISA plan participation was preempted. On appeal, and affirming the district court, the Circuit held that "the tax consequences of the 5 + 5 plan clearly 'relate to' plan administration because they are part of the overall mix of information relied upon by Plaintiffs in making their decisions to participate in the plan." *Id.* at 12. While *Farr* involved an existing plan, and the claims in this case involve fraud in the creation of a plan, it is evident that the Ninth Circuit viewed information relating to the decision whether to participate in a plan as relating to "plan administration." *Id.*

In *Camp*, plaintiffs argued that their state law claim for fraudulent inducement to enter into an ERISA plan was not preempted. The district court noted that such claims could survive preemption, *see Camp*, 956 F. Supp. at 1547-48, but ultimately found the state law claim "hopelessly interconnected" with the plan, and ruled that ERISA preempted the claim. *Id.* at 1548. The same analysis applies to the case at bar. Dr. Chasan is a participant in an ERISA plan, and the allegations that form the basis for his ERISA claims are, in part, the same allegations which support his claims for pre-plan fraud, deceit and negligent misrepresentation. The allegations are intertwined, and as noted in *Camp*, "[t]his is not a situation where, absent the state law claim, the [plaintiff is] without any remedy to redress the wrongful conduct which caused [his] damages." *Id.* at 1548. To the contrary, Dr. Chasan has pleaded two ERISA claims, which are not challenged in the motion to dismiss. The Court concludes that Plaintiff's state law claims for pre-plan fraud and negligent misrepresentation are so intertwined with Plaintiff's ERISA claims that preemption is required. *See Camp*, 956 F. Supp. at 1547-49.

Despite the difficulty in articulating a precise test to determine ERISA preemption, the Ninth

Circuit has repeatedly stated that, "under each test, a core factor leading to the conclusion that a state law claim is preempted is that the claim bears on an ERISA-regulated relationship." *Rutledge*, 201 F.3d at 1219; *Norcal Solid Waste Systems*, 265 F.3d at 820-21. In this case, the Complaint alleges that Plaintiff Dr. Chasan is an ERISA participant and that Defendants Garrett and Garrett Group are fiduciaries under ERISA. ERISA clearly regulates the relationship between participant and fiduciary of a plan. *See* 29 U.S.C. § 1104. Though some (but not all) of the alleged fraud occurred before the Dr. Chasan created the Plan, that fraud nevertheless bears on the relationship between plan participant and plan fiduciary. Furthermore, the allegations of fraud and negligent misrepresentation involve conduct which occurred after the creation of the Plan, and related to the Plan's purchase of insurance. As noted in *Castonguay*, "[b]ecause the state law[s] here regulate one of the relationships regulated by ERISA, [the court] must give effect to ERISA's broad preemption clause." *Castonguay*, 984 F.2d at 1522. The Court concludes that ERISA preempts Dr. Chasan's state law claims for negligent misrepresentation and statutory fraud, deceit, and concealment (Dr. Chasan's third and fifth claims for relief).

**B. Dr. Chasan's State law claims for breach of covenant of good faith and fair dealing and violation of the California Insurance Code**

Aside from the state law claims for pre-plan fraud and negligent misrepresentation, Dr. Chasan also asserts state law claims against Defendants Garrett and Garrett Group for breach of covenant of good faith and fair dealing and for violations of the Unfair Competition Act and Cal. Ins. Code §§ 790.02 and 790.03 (Dr. Chasan's seventh and ninth claims for relief).

Dr. Chasan's state law claim for breach of covenant of good faith and fair dealing not only concerns conduct which occurred after the creation of the Plan–specifically misrepresentations made by Defendants which urged the Plan to purchase an insurance policy to fund the Plan and insure Dr. Chasan–but it also regulates the relationship between plan and fiduciary, a relationship which is regulated extensively by ERISA. 29 U.S.C. § 1104. "[A]ny regulation of an ERISA relationship, whether direct or indirect, is a sufficient basis for preemption." *McBride*, 179 F.3d at 745-46. The Court concludes that ERISA preempts the claim for breach of covenant of good faith and fair dealing (Dr. Chasan's seventh claim for relief).

The question whether ERISA preempts Dr. Chasan's claim pursuant to Cal. Ins. Code §§

790.03 and 790.03 (ninth claim for relief) is more difficult. Though the claim does relate to an ERISA plan, ERISA includes a savings clause which exempts state laws "regulating insurance" from ERISA preemption. 29 U.S.C. § 1144(b)(2)(A). *Pilot Life*, 481 U.S. at 48-50; *Aetna*, 542 U.S. at 217-18. The Ninth Circuit has held that claims under Cal. Ins. Code §§ 790.02 and 790.03 are preempted by ERISA despite the savings clause when the claims attempt to seek a remedy for the improper processing of insurance claims under Cal. Ins. Code §§ 790.03(h), since such claims are at the core of ERISA's regulatory scheme. *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988) (finding preemption because claim was essentially one for improper processing of insurance claims); *See also Moore v. Provident Life and Accident Insurance Co.*, 786 F.2d 922 (9th Cir. 1986). However, neither the Ninth Circuit nor a district court in this Circuit has determined whether a claim for fraudulent inducement of an insurance policy's purchase pursuant to the Cal. Ins. Code falls within ERISA's savings clause.

     Many district courts have concluded that claims under Cal. Ins. Code §§ 790.03 should not be preempted under ERISA if the claims do not attempt to directly regulate an ERISA plan, and instead regulate the relationship between insurance company and policy holder, a relationship traditionally regulated by State law. *Presti v. Connecticut General Insurance Co.*, 605 F. Supp. 163 (N.D. Cal. 1985) (state claims against insurer not preempted as a purpose of ERISA is to maintain ascendancy of state regulation of insurance matters); *Eversole v. Metropolitan Life Ins. Co.*, 500 F. Supp. 1162 (C.D. Cal. 1980) (the rule that emerges from these cases is that any law directly regulating an employee benefit plan is preempted, while laws regulating an insurance company or policy purchased by the plan from an insurance company are not preempted); *see also McLaughlin v. Connecticut General Life Ins. Co.*, 565 F. Supp. 434 (N.D. Cal. 1983); *Graves v. Blue Cross of California*, 688 F. Supp. 1405 (N.D. Cal. 1988). After reviewing the ERISA savings clause and the relevant case law, the Court concludes that Dr. Chasan's state law claim pursuant to Cal. Ins. Code §§ 790.02 and 790.03 is not preempted, and falls within ERISA savings clause. Dr. Chasan's claim that Defendants fraudulently induced his purchase of the Policy through fraudulent acts does not directly regulate ERISA, and instead regulates the relationship between policy holder and insurance company, a relationship which is traditionally regulated by state law. *See Eversole*, 500 F. Supp. at 1169-1170,

*citing Wadsworth v. Whaland*, 562 F.2d 70 (1st Cir. 1977) (state regulation of insurance policies purchased by ERISA plans fall within the savings clause and are not preempted).

## CONCLUSION

Defendant Garrett and Garrett Group's motion to dismiss (Doc. # 12) is granted and denied in part as follows:

(1) The Complaint (Doc. # 1) is dismissed with respect to Plaintiffs Chasan Inc. and the Plan, as each party lacks standing to bring suit under ERISA. The Court declines to exercise supplemental jurisdiction over Chasan Inc. and the Plan's state law claims, and those claims are dismissed without prejudice.

(2) Defendants' motion to dismiss (Doc. # 12) is granted as to Dr. Chasan's state law claims for negligent misrepresentation (third claim for relief), statutory fraud, deceit and misrepresentation (fifth claim for relief), and breach of covenant of good faith and fair dealing (seventh claim for relief), and denied as to Cal. Ins. Code §§ 790.02 and 790.03 (ninth claim for relief).

**IT IS SO ORDERED**.

DATED: January 18, 2007

**WILLIAM Q. HAYES**
United States District Judge