# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHASAN M.D, an individual; PAUL CHASAN, M.D., INC., a California Corporation; PAUL CHASAN, M.D., INC. WELFARE BENEFIT PLAN, an employee benefits plan under ERISA,<br><br>Plaintiffs,<br>vs.<br><br>THE GARRETT GROUP, a California Corporation; MATTHEW GARRETT, an individual; JOHN HANCOCK LIFE INSURANCE COMPANY, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 06CV1090 WQH (NLS)<br><br>ORDER DENYING DEFENDANT JOHN HANCOCK LIFE INSURANCE INC.'S MOTIONS TO JOIN FRANK MONTES AND LAWRENCE D. CRONIN AS THIRD PARTY DEFENDANTS PURSUANT TO FED. R. CIV. P. 19(a) |

HAYES, Judge:

Pending before the Court are Defendant John Hancock Life Insurance Inc.'s motions to join Frank Montes and Lawrence D. Cronin as third party defendants. (Doc. # 24, 30). The Court finds these matters suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

On May 18, 2006, Plaintiffs filed the Complaint in this matter and asserted federal Employee Retirement Income Security Act (ERISA) claims as well as numerous state law claims. (Doc. # 1).

1  Plaintiffs alleged that Defendants Matthew Garrett (Garrett), The Garrett Group (Garrett Group), and
2  John Hancock Life Insurance Inc. (Hancock) induced Plaintiffs participation in an illegal welfare
3  benefits plan by omitting and failing to disclose material information.  On September 20, 2006,
4  Hancock answered and asserted affirmative defenses.  (Doc. # 10).  On September 22, 2006, Garrett
5  and Garrett Group moved to dismiss the Complaint.  (Doc. # 12).  On January 18, 2007, the Court
6  granted in part and denied in part the motion to dismiss.  (Doc. # 22).  On February 12, 2007, and
7  March 14, 2007, Hancock moved to join Frank Montes (Montes) and Lawrence D. Cronin (Cronin)
8  as a third party defendants pursuant to FED. R. CIV. P. 19(a).  (Docs. # 24, 30).

## DISCUSSION

10  FED. R. CIV. P. 19(a) provides that,

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

16  FED. R. CIV. P. 19(a); s*ee also Disabled Rights Action Comm v. Las Vegas Events, Inc.*, 375 F.3d 861,
17  879 (9th Cir. 2004). "The term complete relief used in Rule 19(a) refers to relief as between the
18  persons already parties, not as between a party and the absent person whose joinder is sought." *First*
19  *Nat'l Montana Bank v. Federal Leasing, Inc.*, 110 F.R.D. 675, 677 (D. Mont. 1986); *see Las Vegas*
20  *Events*, 375 F.3d at 879.  Joinder of "necessary" parties pursuant to FED. R. CIV. P. 19(a)(1) "is
21  concerned with consummate rather than partial or hollow relief as to those already parties, and with
22  precluding multiple lawsuits on the same cause of action." *Las Vegas Events*, 375 F.3d at 879, *citing*
23  *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).  In order to
24  determine whether a party should be joined pursuant to FED. R. CIV. P. 19(a)(1), a "court asks whether
25  the absence of the party would preclude the district court from fashioning meaningful relief as
26  between the parties." *Las Vegas Events*, 375 F.3d at 879, *see also Blumberg v. Gates*, 203 F.R.D. 444,
27  446 (C.D. Cal. 2001).

28  Hancock alleges that Montes and Cronin received fees and commissions for assisting

1  Plaintiffs' purchase of the welfare benefits plan and policy. Hancock contends that in the event that
2  Plaintiffs should prevail in this suit, Hancock will be entitled to indemnity for such fees and
3  commissions it paid to Montes and Cronin. Hancock contends that joinder of Montes and Cronin is
4  necessary because without the joinder, complete relief will not be available to Hancock.

5  As noted above, "[t]he term complete relief used in Rule 19(a) refers to relief as between the
6  persons already parties, not as between a party and the absent person whose joinder is sought." *First*
7  *Nat'l Montana Bank*, 110 F.R.D. at 677; *see also Las Vegas Events*, 375 F.3d at 879. Here, there is
8  no indication that complete relief cannot be afforded between the current Plaintiffs and Defendants.
9  Rather, Hancock contends that it alone will not be afforded complete relief because of the absence of
10 Cronin and Montes as third party defendants. The Court concludes that this allegation does not entitle
11 Hancock to join Cronin and Montes pursuant to FED. R. CIV. P. 19(a)(1). Furthermore, there is no
12 indication that Cronin or Montes "[claim] an interest relating to the subject of this action" as would
13 be required for joinder pursuant to FED. R. CIV. P. 19(a)(2). Accordingly, and after reviewing the
14 motions to join Cronin and Montes as third party defendants, the Court concludes that joinder of those
15 parties is not appropriate pursuant to FED. R. CIV. P. 19(a). Hancock's motions to join Cronin and
16 Montes as third party defendants pursuant to FED. R. CIV. P. 19(a) are DENIED without prejudice.
17 (Docs. # 24, 30).

18 **IT IS SO ORDERED**.
19 DATED: April 25, 2007

**WILLIAM Q. HAYES**
United States District Judge